|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| REO CAPITAL INVESTMENT AND ASSET MANAGEMENT, INC., | Case No. 12-cv-04665 NC |
|---|---|
| Plaintiff, | **REFERRAL WITH RECOMMENDATION TO REMAND** |
| v. | |
| JULIA MARY SOTELO, | **Dkt. No. 4** |
| Defendant. | |

On September 6, 2012, Defendant Julia Mary Sotelo filed a notice to remove to federal court the unlawful detainer action brought against her by Plaintiff REO Capital Investment and Asset Management, Inc. ("REO"). REO filed a motion to remand for lack of subject matter jurisdiction and consented to the jurisdiction of a United States magistrate judge under 28 U.S.C. § 636(c). The issue is whether there is subject matter jurisdiction. The Court concludes there is not; however, because Sotelo has not consented to magistrate jurisdiction, the Court REFERS this case to a district court judge and RECOMMENDS the court GRANT REO's motion to remand.

## I. BACKGROUND

REO brought an unlawful detainer claim against Sotelo in Superior Court of California for the County of San Joaquin on July 18, 2012. Dkt. No. 1 at 11. On September 6, 2012, Sotelo filed a notice of removal. *Id.* at 1. In the interim, Sotelo filed

two other actions in federal court against REO and its attorney, Chad Wood. In *Sotelo v. REO Capital Investment and Asset Management, Inc.*, Sotelo sued REO alleging that REO had violated the Protecting Tenants at Foreclosure Act ("PTFA"), which gives tenants ninety days to vacate premises that have been foreclosed upon. Case No. 12-cv-04604 NC, Dkt. No. 1. In *Sotelo v. Wood*, Sotelo alleged that Mr. Wood also violated the PTFA. Case No. 12-cv-04602 MEJ, Dkt. No. 1.

Chief Magistrate Judge James screened Sotelo's case against Wood under §1915(e)(2) and dismissed the action because the PTFA does not include a private right of action. Case No. 12-cv-04602 MEJ, Dkt. No. 6. This Court ordered Sotelo to show cause why venue was proper and why the action she brought against REO, 12-cv-04604 NC, and the instant action that she removed to federal court, 12-cv-04665 NC, should not be related. Sotelo did not respond. On October 11, 2012, this Court held a hearing on REO's motion to remand pending in this case and to consider whether, for efficiency, the pending actions between Sotelo and REO should be related to each other or to Sotelo's case against Wood. Dkt. No. 6. Sotelo did not appear.

## II. STANDARD OF REVIEW

A defendant may remove an action filed in state court to federal court if the federal court would have original subject matter jurisdiction over the action. 28 U.S.C. § 1441. Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states," 28 U.S.C. § 1332(a). In the absence of diversity jurisdiction, removal to federal court is only proper when "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

A motion to remand under 28 U.S.C. § 1447(c) "is the proper procedure for challenging removal." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th

Cir. 2009) (citing 28 U.S.C. § 1447(c)).  In determining a motion to remand, the court must construe the removal statute "strictly" and must deny the motion if there is "any doubt about the right of removal." *Id.*  "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." *Id.* (citation and internal quotation marks omitted).

A federal court may dismiss an action on its own motion if it finds that it lacks subject matter jurisdiction over the action. *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  A court, however, "has an obligation to warn the plaintiff that dismissal is imminent." *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992).  Furthermore, a court may not dismiss an action without leave to amend unless it is clear that "the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

### III. DISCUSSION

Sotelo resides in Tracy, California, dkt. no. 1 at 2, and does not assert diversity jurisdiction.  Rather, she asserts that removal is proper because the Court has jurisdiction under § 1331 and § 1367. *Id.* at 6.  REO's complaint, however, alleges only a state law cause of action for unlawful detainer. *Id.* at 11-13.  Sotelo alleges that REO violated the PTFA, however, this is insufficient as a basis for removal.  First, claims pled by the defendant do not confer federal question subject matter jurisdiction; and second, the PTFA does not confer a private right of action. *See, e.g.*, *Deutsche Bank Nat. Trust Co. v. Eaddy*, 12-cv-01845 YGR, 2012 WL 4173987, at *1 (N.D. Cal. Sept. 18, 2012) ("The PTFA is intended to be used for protection in state court but does not create a private right of action or a basis for federal subject matter jurisdiction.").  Federal question jurisdiction must arise from the face of the complaint; because it does not, removal is improper and the action should be remanded to state court.

//

Case No. 12-cv-04665 NC
REFERRAL WITH REC. TO DISMISS                      3

## IV. CONCLUSION

Because REO's complaint does not raise a federal question, removal is improper. Sotelo has not consented to this Court's jurisdiction. Accordingly, the Court REFERS the matter to a district court judge and RECOMMENDS that the court GRANTS the motion to remand. Any party may object within fourteen days to this dispositive order under Federal Rule of Civil Procedure 72(b).

IT IS SO ORDERED.

Date: October 22, 2012

_____
Nathanael M. Cousins
United States Magistrate Judge